# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MAXELL, LTD., *Plaintiff*, v. VIZIO, INC., *Defendant*. | Civil Action No.  2:22-cv-00121 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Maxell, Ltd. ("Maxell"), by and through its undersigned counsel, files this Motion for Leave to File Under Seal its Complaint for Breach of Contract against VIZIO, Inc. ("VIZIO") and in support respectfully states:

### INTRODUCTION

Maxell seeks leave to file its Complaint for Breach of Contract ("the Complaint") against VIZIO, along with the supporting attachments thereto, under seal. The Complaint details the terms and breaches of two certain confidential agreements between Maxell's successor in interest, Hitachi Consumer Electronics Co., Ltd. and VIZIO. The two confidential agreements are attached as support for the Complaint.

### ARGUMENT AND AUTHORITIES

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). But this general right "is not absolute" and "the presumption in favor of public access to court records can be overcome in certain instances," such as when disclosure of

1

"business information . . . might harm a litigant's competitive standing." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon*, 435 U.S. at 598).

Courts in this and other districts have repeatedly authorized sealing documents that reveal information that could put a party at a "competitive disadvantage," including the terms of confidential contractual agreements, negotiations, financial information, and other similar information. *E.g.*, *Erfindergemeinschaft*, 2017 WL 434207, at *2 (sealing license agreements and revenues); *Cellular Commc'ns Equip., LLC v. Apple Inc.*, No. 6:14-CV-251, 2017 WL 10311215, at *3 (E.D. Tex. Jan. 5, 2017) (sealing license agreements that contained confidential terms which, if disclosed to the public, might create a competitive disadvantage in future negotiations); *accord, e.g.*, *Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-CV-62, 2015 WL 6453837, at *2 (W.D. Wis. Oct. 26, 2015) (sealing licensing and other agreements and recognizing support for sealing contract terms and contract negotiations and strategies when disclosure of the information would put a party at a competitive disadvantage).

Here, the allegations of the Complaint and the two agreements contain highly sensitive information that both Maxell and VIZIO maintain confidentially for competitive reasons. If this information were to become public, it could be leveraged against Maxell and/or VIZIO by their competitors and other third-parties. Maxell will file a public, redacted version of the Complaint in compliance with Local Rule CV-5(a)(7)(E). However, redactions to the agreements are not feasible because the confidential information appears throughout both.

## CONCLUSION

For the foregoing reasons, Maxell respectfully requests that the Court grant this motion for leave to seal the Complaint and related attachments.

Dated: April 20, 2022                By:   */s/ Geoff Culbertson*
                                                         Geoffrey Culbertson
                                                         Kelly Tidwell
                                                         Patton, Tidwell & Culbertson, LLP
                                                         2800 Texas Boulevard (75503)
                                                         Post Office Box 5398
                                                         Texarkana, TX 75505-5398
                                                         Telephone: (903) 792-7080
                                                         Facsimile: (903) 792-8233
                                                         gpc@texarkanalaw.com
                                                         kbt@texarkanalaw.com

                                                         Jamie B. Beaber
                                                         Alan M. Grimaldi
                                                         Kfir B. Levy
                                                         Tiffany A. Miller
                                                         MAYER BROWN LLP
                                                         1999 K Street, NW
                                                         Washington, DC 20006
                                                         Telephone: (202) 263-3000
                                                         Facsimile: (202) 263-3300
                                                         jbeaber@mayerbrown.com
                                                         agrimaldi@mayerbrown.com
                                                         klevy@mayerbrown.com
                                                         tmiller@mayerbrown.com

                                                         Amanda Streff Bonner
                                                         Luiz Miranda
                                                         MAYER BROWN LLP
                                                         71 S. Wacker Drive
                                                         Chicago, IL 60606
                                                         (312) 782-0600
                                                         asbonner@mayerbrown.com
                                                         lmiranda@mayerbrown.com

                                                         *Counsel for Plaintiff Maxell, Ltd.*

## CERTIFICATE OF CONFERENCE

While counsel for Maxell was not able to confer with counsel for VIZIO per Local Rule CV-7(h) prior to filing this motion and the related Complaint for Breach of Contract, the undersigned certifies that Maxell will, as soon as possible, endeavor to confer with VIZIO's counsel regarding the relief requested herein and thereafter provide notice of VIZIO's position.

                                                      */s/Geoff Culbertson*
                                                      Geoffrey Culbertson

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of April, 2022, with a copy of this document via the Court's CM/ECF system.

                                                    */s/ Geoff Culbertson*
                                                    Geoffrey Culbertson