**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MAXELL, LTD., | |
| *Plaintiff*, | Case No. 2:22-CV-00121-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| VIZIO, INC., | |
| *Defendant*. | |

**MAXELL, LTD.'S SUR-REPLY TO VIZIO, INC.'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I. INTRODUCTION

VIZIO still ignores the basic fact that the parties decided that the [REDACTED] at issue in this case should be governed by the [REDACTED], not just the substantive [REDACTED], but [REDACTED]. Perhaps because the language in the [REDACTED] is itself too direct, VIZIO attempts to inject ambiguity that is not there, arguing that the [REDACTED] is somehow narrow, or must apply only to how the [REDACTED] should be construed. But those arguments cannot survive the plain language in the agreement.

VIZIO also puts forth its own version of the events that led to this case. But VIZIO's version cannot supplant the truth, and VIZIO's version cannot replace the allegations set forth in the First Amended Complaint. And those allegations—including the additional information VIZIO's own exhibit provides—show that the breach occurred later in 2018, and not when VIZIO claims. At the very least, VIZIO's arguments raise fact questions better left to a jury, and which should be the subject of discovery in this case, not a motion to dismiss.

For these reasons, and those presented in Maxell's Opposition, VIZIO's motion to dismiss should be denied.

## II. [REDACTED] Statute of Limitations Applies to Maxell's Breach of Contract Claim.

As Maxell explained in its Opposition, the parties to the [REDACTED] decided that [REDACTED] would govern any disputes relating to the [REDACTED]. Maxell Opp. (Dkt. 43) at 7-9. Moreover, the parties decided that [REDACTED] [REDACTED] (D.I. 21-1 at ¶ 4) (emphasis added).

First, there can be no doubt that this [REDACTED] applies to this case. As even VIZIO has conceded, "Plaintiff Maxell, Ltd.'s ('Maxell') breach of contract claim **stems from th**[REDACTED]



[redacted] As VIZIO clearly acknowledges, the claim stems from the [redacted]. Accordingly, the [redacted], and the clauses therein, apply to this case.

Second, VIZIO argues that the phrase [redacted] applies only to how the [redacted] should be construed, and not to the law that [redacted] disputes stemming from the [redacted]. VIZIO Reply (Dkt. 49) at 3. But this fails. The phrase itself is clear and unambiguous: [redacted] The phrase [redacted] applies to the language that precedes it: [redacted] There is nothing in the sentence to limit [redacted] to construing the [redacted]. To accept VIZIO's argument, it would be necessary to add punctuation that is not there, to segregate the term [redacted] from the rest of the sentence that precedes it.

So too, it would require reading this one clause in a manner inconsistent with the rest of the [redacted]. For example, the very next clause [redacted] states: [redacted] (D.I. 21-1 at ¶ 5). The phrase [redacted] is not divided by punctuation in any way, just as the phrase [redacted] is not. And [redacted] in clause [redacted] applies to all the preceding language just as [redacted] in clause [redacted] applies to all the language preceding it, VIZIO's argument notwithstanding.

Third, VIZIO argues that the [redacted] here should be disregarded because the parties [redacted] VIZIO Reply (Dkt. 49) at 4. VIZIO's logic makes no sense. If VIZIO is correct, then any time parties

select a forum in one jurisdiction and governing law from another, then the choice of law provision could be ignored. But there is no such requirement that VIZIO identifies in the law.

Fourth, VIZIO tries to argue that the [REDACTED] simply too "narrow." VIZIO Reply (Dkt. 49) at 3-4. As its primary support, VIZIO cites a case with a choice of law provision that states: "This Agreement and the rights and obligations of the Partners shall be interpreted in accordance with the laws of the State of Delaware." VIZIO Reply (Dkt. 49) at 4, quoting *VTX Commc'ns, LLC v. AT&T Inc.*, No. 7:19-CV-00269, 2020 WL 4465968 (S.D. Tex. Aug. 4, 2020). But that choice of law provision in *VTX Communications* expands the **types** of claims that would be governed by the laws of Delaware—from just claims under the agreement, to claims relating to the rights and obligations of the partners. It says nothing about the present dispute, which is about whether the [REDACTED] [REDACTED].

In fact, the *VTX Communications* provision is significantly narrower than the provision at issue in this case. In *VTX Communications*, the choice of law provision required only that the agreement (and the partners' rights and obligations) be "interpreted" in accordance with the laws of Delaware, whereas here the claims are [REDACTED] [REDACTED] And more importantly, claims in this case are [REDACTED] [REDACTED].

Although VIZIO argues that Maxell is trying to stretch the provision beyond its plain language, the truth is that VIZIO is ignoring just how broad the plain language is. The claims are to be [REDACTED]. It is difficult to imagine a [REDACTED] provision broader than that.

**III. Maxell's Breach of Contract Claim Did Not Accrue Until November 2018**

In its Reply, VIZIO seems to accept that there was no breach when the [REDACTED]



[redacted] was sent with the [redacted] and now focuses on the non-payment on [redacted] as triggering the breach of contract. VIZIO Reply (Dkt. 49) at 5-7. But even then, VIZIO's argument relies on only part of the story and ignores relevant facts.

As recounted in Maxell's Opposition, VIZIO submitted its [redacted] report in accordance with [redacted]. Maxell Opposition (Dkt. 43) at 4-6. In that [redacted], attached to VIZIO's Motion as Exhibit A, VIZIO indicated there was a [redacted], but the [redacted] VIZIO attaches to its motion does not provide any basis for the [redacted]—any reason to understand or believe that there was a dispute between the parties, let alone a breach—and states that a [redacted]. *See* Exhibit A to VIZIO Mot. (D.I. 34); D.I. 21 (FAC) at ¶ 15.

Although later discussions revealed the question of the [redacted], there still was not a breach of the [redacted], just an open question about what is or is not included within the scope of the [redacted]. *See* D.I. 21 (FAC) at ¶¶ 16, 19-20. That question, of what payment amount VIZIO would have had to make, was folded into the [redacted]. *Id.* at ¶¶ 19-20. Maxell had no understanding at that point that VIZIO would make no [redacted] whatsoever and that VIZIO intended to breach its [redacted]. *Id.* What Maxell did understand—as any objective party would have—was the question would be answered in the negotiations and clarified with the language of the [redacted]. And how ever the question would be answered, any objective party would have expected that VIZIO would then make a [redacted] under the [redacted].

Even accepting VIZIO's statements that a [redacted], VIZIO's own "evidence" shows that only up to [redacted]. And even accepting VIZIO's recitation of the law, at best there was a breach of contract on February 9,

2018 for [REDACTED]. This was the amount that both parties knew VIZIO was required to [REDACTED], no matter how the open question would be resolved. But whether VIZIO owed other [REDACTED]—was still unanswered in February 2018, and would not be answered until November 2018. Therefore, the breach as it relates to the [REDACTED] [REDACTED]—even under VIZIO's version of the facts and the law—did not occur until November 2018, making the claim for those [REDACTED] timely.

Maxell appreciates that there is a fact question regarding the precise amount of [REDACTED] due under that breach, and Maxell concedes that the amount may be impacted by the timeliness of a claim for [REDACTED] of the [REDACTED] but that is a question for discovery and trial, not a motion to dismiss. At the very least, there is an open question of fact as to when the breach of contract claim accrued for the [REDACTED], and Maxell has plead sufficient facts to support a plausible claim. VIZIO cannot show from the face of the Amended Complaint (as it must on a motion to dismiss) that, as a matter of law, Maxell discovered a breach on that claim at least as of February 9, 2018, the date VIZIO insists the breach accrued. And when there are open questions of fact, dismissal (or summary judgment) is not appropriate.

## IV. CONCLUSION

In view of the foregoing, and the arguments presented in Maxell's Opposition, the Court should deny VIZIO's motion to dismiss.

Dated: August 25, 2022

By: */s/ Geoffrey Culbertson*

Geoff Culbertson
Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com

kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
Tiffany A. Miller
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
tmiller@mayerbrown.com

Amanda Streff Bonner
Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
asbonner@mayerbrown.com
lmiranda@mayerbrown.com

*Counsel for Plaintiff Maxell, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 25th day of August, 2022 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(B), the undersigned certifies that an unopposed motion for leave to file this document under seal has been filed and is pending before the Court.

*/s/ Geoffrey Culbertson*
Geoffrey Culbertson